# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARLA JO MASTERSON, | Case No.: 2:18-cv-00989-JCM-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| THE WALT DISNEY COMPANY, et al., | |
| Defendant(s). | |

Pending before the Court is an order for attorney Bradley Booke to show cause why he should not be subject to the requirements in Local Rule IA 11-1(b) for attorneys who are admitted in Nevada but do not maintain an office here. Docket No. 10. Mr. Booke has filed a response. Docket No. 11. That response represents that Mr. Booke is physically in Nevada roughly one week per month to provide legal services. *Id.* at ¶ 5. Mr. Booke also asserts essentially that he has a set-up that amounts to a virtual office here, with a receptionist and workspace that is shared with unrelated professionals. *Id.* at ¶¶ 4, 7.

It is not entirely clear to the Court that Mr. Booke "maintains an office in Nevada" for purposes of Local Rule IA 11-1(b).[1] At the same time, Mr. Booke is implicitly attesting that he is

---

[1] Indeed, it appears to the Court that Mr. Booke has described the equivalent of a mail-drop location at which he occasionally uses shared office space as the need arises. The local rules expressly direct that a "mail-drop location does not constitute an office under this rule." Local Rule IA 11-1(b)(1). Mr. Booke has presented no legal authority that participation in a shared workspace that may be occupied at any given time by completely unrelated professionals qualifies as "maintaining an office." The changing occupancy of this physical space appears to doom Mr.

able to fully comply with his litigation obligations. *See, e.g.*, Docket No. 11 at ¶ 5 ("As necessary, I am also physically present in Las Vegas for litigation work"). The purpose behind the requirement to have counsel physically present in Nevada is clear: such presence is necessary, *inter alia*, to enable efficient service on counsel, to ensure personal attendance at court hearings, and to foster scheduling of depositions. Given the circumstances, the Court will defer ruling conclusively on whether Mr. Booke is subject to the requirements in Local Rule IA 11-1(b). The Court may revisit this issue at any time, and will be especially inclined to do so in the event that it becomes clear that Mr. Booke's non-presence in the state is a hindrance to the efficient advancement of this litigation.[2]

IT IS SO ORDERED.

Dated: June 28, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

Booke's position. *See* Black's Law Dictionary (7th ed.) (defining "maintenance" as "[t]o continue in possession of (property, etc.)").

[2] Of course, nothing herein prevents Mr. Booke from complying with Local Rule IA 11-1(b) without further Court order so as to put this issue to rest.